26CA0277 Peo in Interest of Sherman 04-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 26CA0277
Pueblo County District Court No. 26MH30009
Honorable Gregory J. Styduhar, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Kendrick Wayne Sherman,

Respondent-Appellant.

---

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE ROMÁN
Bernard* and Ashby*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 30, 2026

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Respondent, Kendrick Wayne Sherman, appeals the district court's order authorizing the staff at the Colorado Mental Health Hospital in Pueblo (the hospital) to involuntarily medicate him. We affirm.

## I.    Background

¶ 2    Sherman was committed to the hospital after being found incompetent to proceed in a criminal case. He was diagnosed with an unspecified mood disorder and his symptoms included disorganized thinking, delusional statements, hypervigilance, agitation, restlessness, and poor hygiene. While at the hospital, Sherman had two violent outbursts. In the first one, he struck a grievance box, and, in the other, he aggressively pounded on windows and doors. Staff also became concerned about other extreme self-harming behaviors. Consequently, the hospital staff began administering emergency medication.

¶ 3    At the request of Sherman's treating physician, Dr. Hareesh Pillai, the People filed a petition to involuntarily medicate Sherman with olanzapine (also known as Zyprexa), haloperidol (also known as Haldol), and lithium. The district court held an evidentiary hearing, at which Dr. Pillai and Sherman testified. After hearing

1

the evidence and reviewing Dr. Pillai's affidavit which was admitted at the hearing, the court found that the People had established all four elements for the involuntary administration of medication under *People v. Medina*, 705 P.2d 961, 973 (Colo. 1985), and granted the petition.

## II.    Applicable Law and Standard of Review

¶ 4     A district court may order the involuntary administration of medication if the People prove by clear and convincing evidence that (1) the patient is incompetent to effectively participate in the treatment decision; (2) the treatment is necessary to prevent a significant and likely long-term deterioration in the patient's mental health condition or to prevent the likelihood of the patient causing serious harm to himself or others at the institution; (3) a less intrusive treatment alternative is not available; and (4) the patient's need for treatment is sufficiently compelling to override any bona fide and legitimate interest of the patient in refusing treatment. *Id.*

¶ 5     Application of the *Medina* test involves mixed questions of fact and law. *People v. Marquardt*, 2016 CO 4, ¶ 8. We defer to the district court's factual findings if they have record support and review its legal conclusions de novo. *Id.*

¶ 6    When a patient challenges the sufficiency of the evidence supporting an involuntary medication order, we must affirm if the evidence, viewed as a whole and in the light most favorable to the People, is sufficient to support the order. *People in Interest of R.K.L.*, 2016 COA 84, ¶ 13. As the fact finder, the district court determines the sufficiency, probative effect, and weight of the evidence, along with the inferences and conclusions to be drawn from the evidence. *People in Interest of R.C.*, 2019 COA 99M, ¶ 7.

### III.    Analysis

¶ 7    Sherman contends that the evidence was insufficient to prove the first and fourth *Medina* elements. We disagree.

### A.    The First *Medina* Element

¶ 8    The first *Medina* element requires the People to establish "the patient's incompetency to make treatment decisions." *R.K.L.*, ¶ 32 (quoting *Medina*, 705 P.2d at 973). To find the People did so, a district court must be satisfied that "the patient's mental illness has so impaired his judgment as to render him 'incapable of participating in decisions affecting his health.'" *People in Interest of Strodtman*, 293 P.3d 123, 132 (Colo. App. 2011) (quoting *Medina*, 705 P.2d at 973).

¶ 9    The district court found that Sherman has limited insight into his mental illness and is incompetent to effectively participate in the treatment decision.  In doing so, the court noted that Sherman presented with symptoms at the jail and had stopped taking prescribed Zyprexa.  The court found that following his refusal of medication Sherman's mental health declined further and he exhibited concerning behaviors such as continuing to sunbathe for hours, even after developing a sunburn and despite redirection; pretending to ski while walking; exhibiting an irregular gait; and engaging in other alarming self-harm behaviors.

¶ 10    In contrast, Sherman denied having a mental illness and justified or denied the concerning behaviors.  And he testified that he came to the hospital "for the food . . . because [he] was literally underweight" and not "for [his] mental health."

¶ 11    In arguing that he is competent to effectively participate in the treatment decision, Sherman asserts that Dr. Pillai testified that he demonstrated insight into his mental illness.  That assertion is misleading because Dr. Pillai testified that Sherman's insight into his mental illness was limited to understanding that he had been diagnosed and treated in the past.  Dr. Pillai testified that Sherman

4

does not currently recognize that he suffers from active symptoms of a psychiatric illness and "does not seem to understand how these symptoms of his illness affect his behavior on the unit."

¶ 12 Sherman also asserts that he is competent to participate in his treatment decisions because he agreed at the evidentiary hearing to take Zyprexa. But Dr. Pillai testified that Sherman needs both Zyprexa and lithium to effectively treat his symptoms. And Dr. Pillai expressed doubt that Sherman would consistently consent to taking Zyprexa given his previous refusal and the fact that he did not fully understand his need for medication. *See id.* at 132 (affirming the finding that the patient was incompetent to effectively participate in the treatment decision because, among other reasons, she had not "embraced her need for treatment").

## B. The Fourth *Medina* Element

¶ 13 In assessing the fourth *Medina* element, a court must first determine "whether the patient's refusal is bona fide and legitimate." *Medina,* 705 P.2d at 974. If so, the court must then determine "whether the prognosis without treatment is so unfavorable that the patient's personal preference must yield to the legitimate interests of the state in preserving the life and health of

the patient placed in its charge and in protecting the safety of those in the institution." *Id.*

¶ 14    After considering the evidence, the district court acknowledged that Sherman reported some side effects from the medications administered on an emergency basis but that his "need for treatment is sufficiently compelling" to override any bona fide and legitimate interest he had in refusing the treatment.

¶ 15    On appeal, Sherman simply reasserts that he has a bona fide and legitimate interest in declining the medication because he experienced some side effects. However, he provides no argument disputing the district court's finding that his need for treatment is sufficiently compelling to override his interests.

¶ 16    Notably, Sherman does not contest the district court's finding that the second *Medina* element was met, namely, that the requested medications are necessary to prevent a significant and likely long-term deterioration in his mental health condition. And Dr. Pillai testified as much. Moreover, Dr. Pillai testified that the medications were necessary to prevent Sherman from continuing to harm himself and others.

¶ 17    Given Dr. Pillai's testimony and affidavit, which the district court credited, and Sherman's failure to provide any argument related to the People's interest in preserving Sherman's life and health and the safety of others, we discern no error in the court's ultimate finding that the fourth *Medina* element was satisfied.

## IV.    Disposition

¶ 18    We affirm the order.

JUDGE BERNARD and JUDGE ASHBY concur.